Tcjrney, J.,
delivered the opinion of the = Court. .
The judgment of the Circuit Court dismissing the writ of error coram nobis is erroneous. .
On the 20th of December, 1867, plaintiff in error filed his petition in the Circuit Court of Sullivan county for writs of error coram nobis, alleging that on the 6th day of January, 1866, he instituted an action of replevin in said court, against the defendant in error, for the recovery of a bay mare; that at the March Term, 1866, he filed his declaration in due time; that no plea was ever filed thereto. The affidavit upon which his writ issued was sworn to before a Justice of the Peace. At the November Term, 1867, the ■ cause still pending, witnesses summoned by both parties were in attendance for the purpose of a trial. On Wednesday of said term an order was made continuing all litigated civil cases to the next term; that the action of replevin was one of the causes so continued; that on Saturday, the last day of the term, after plaintiff and his counsel had left the court and gone home, a judgment by default was taken against him, a writ of inquiry was immediately awarded against him and his sureties, and a verdict and judgment for more than $400; that he had no notice of this judgment; that he had no knowledge said judgment would be rendered after the cause was continued, and prays that a writ of error coram nobis issue, &c.
On the petition is the fiat of E. E. Gillenwaters, *480 Judge, &c., ordering writs- of error eorctm nobis and supersedeas.
At a December Term, 1867, it is agreed by the parties that no notice issue to the defendant, but that the case stand as an appearance to the next term, subject to exceptions to be then taken by the parties.
At the March Term, 1868, the defendant obtained a rule upon the plaintiff to give good and sufficient security or justify the present on or before the next term.
At the July Term, 1868, defendant moved to dismiss the writ of error coram nobis, when the following order was made: ‘‘The motion to dismiss the writ of error coram nobis coming on for argument, and argument having been heard by the Court, as well against said motion as in support of it, and because it does not appear to the Court that any notice of the suing out of said writ of error coram nobis had been served on I. D. Mullinix or his attorney, nor does it appear that error has been assigned upon said writ of error, and his Hon- or, the Judge, being, of opinion that the writs of error issued in this cause were illegally and improperly issued, there being no such error of fact in said proceedings as would justify a writ of error coram nobis, it is therefore considered’ by the Court that said writ of error coram nobis be, and the same is hereby, dismissed, and judgment complained of is in all things confirmed,” &c.
The petition alleges, and the record of the suit in re-plevin, which is a part of the record hére, shows the fact, that before the judgment by default was taken, all litigated cases had, been continued to the next term.
The petitioner , further alleges, that after the case had *481 been so continued, plaintiff had “left the Court and was at home at the time the judgment was taken, and had no notice of the purpose to take the judgment, and no knowledge that the judgment would be taken.”- This was a fact to be inquired of by a jury. If it were true the plaintiff was entitled to have the judgment complained of revoked. At the time of the judgment by default the Court had no jurisdiction of the person of the plaintiff. By the continuance, the parties were as completely out of court as to that suit and for that term, as if they had never been in court.
The cause having been continued, no rule or other proceeding can be had in it, at that term of the court. See the manuscript opinions in the cases, Hurst v. Selvidge and Lamden v. Sharp, delivered at September Term, 1847, of this court.
The court having no jurisdiction of the case, the plaintiff can not be presumed to have notice of any step in the cause, the presumption is, that he has not such a notice; and when he alleges that he was not present and had no notice, he states a fact which is neither affirmed nor denied on the record, and which, if true, makes the judgment erroneous. “Any person aggrieved by the judgment of the County, Circuit or Chancery Court, by reason of a material error in fact, may revise the same upon writ of error coram nobis.” Code, 3110.
The want of notice to the plaintiff, in this instance, was material error of fact, such as kept him from preventing the error complained of, and shows a surprise without fault on his part. .He was entitled to his day in court, which, according to the statement in his peti *482 tion, he did not have; and of the truth of this statement he is entitled to inquiry by the country.
The motion to dismiss, made under the circumstances attending this one, -will only prevail when the facts charged are not sufficient in law to entitle the .petitioner to the relief sought.
The writ only serves the purpose, however, of bringing the parties, defendant, before the Court; and the failure to assign error, the assignment being in the nature of a declaration, may be taken advantage, of, as the failure to declare in other actions may.
The assignment of errors of fact having been filed, the rules of pleading in actions at law obtain. 1 Swan, 342.
Under the rules laid down in the case cited, and by us, in this opinion, the judgment of the Circuit Court is erroneous, and must be reversed, and the cause remanded for the purpose of pleading and trial.